Balchunas v Hard Eight Rest. Co., LLC (2023 NY Slip Op 04096)

Balchunas v Hard Eight Rest. Co., LLC

2023 NY Slip Op 04096

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-10329
 (Index No. 502443/19)

[*1]James Balchunas, Jr., respondent, 
v
Hard Eight Restaurant Company, LLC, etc., et al., appellants, et al., defendants.

Kiernan Trebach, LLP, New York, NY (Gail L. Ritzert and Steven H. Rosenfeld of counsel), for appellants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman appeal, and the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, separately appeal, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 25, 2019. The order, insofar as appealed from by the defendants Hard Eight Restaurant Company, LLC, George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman, denied that branch of the motion of the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, denied that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal by the defendant Hard Eight Restaurant Company, LLC, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants George C. [*2]Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman; and it is further,
ORDERED that one bill of costs is awarded to the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC, payable by the plaintiff.
The plaintiff was injured by an allegedly intoxicated driver. The driver allegedly had been served alcohol at a bar, The Whiskey Brooklyn, in violation of General Obligations Law § 11-101, known as the Dram Shop Act. Further facts are set forth in this Court's decision and order in Tabchouri v Hard Eight Rest. Co., LLC (___ AD3d ___ [decided herewith]). The plaintiff subsequently commenced this action, asserting, inter alia, causes of action alleging a violation of General Obligations Law § 11-101, both directly and under the doctrine of piercing the corporate veil and alter ego liability (second cause of action), and negligent hiring, training, and retention, and negligent supervision of The Whiskey Brooklyn and its employees (third cause of action).
For reasons explained in Tabchouri v Hard Eight Rest. Co., LLC (___ AD3d at ___), the Supreme Court incorrectly denied those branches of the separate motions of (1) the defendants George C. Ruotolo III, Justin Ruotolo, Robert M. Magill, James P. Wiseman, and John W. Wiseman, and (2) the defendants East Third Restaurant Corp., 79 Restaurant Corp., and 36 Wilson Restaurant Company, LLC (hereinafter collectively the East Third defendants), which were pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against each of them. Likewise, for reasons explained in Tabchouri v Hard Eight Rest. Co., LLC (___ AD3d at ___), the court incorrectly denied that branch of the East Third defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against them.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court